## STATE BOARD OF LAW EXAMINERS v. JOSEPH VAN BUREN DE LA MOTTE.[1]

September 19, 1913.

Nos. 18,096—(36).[2]

**Suspension of attorney.**
　　1. Attorney suspended from practice for one year for wilful misconduct in his profession in withdrawing a motion for a new trial without the knowledge or authority of his client. [Reporter.]

**Misconduct of attorney.**
　　2. That contracts with clients were purposely drawn contrary to the actual agreement, in order to hide their champertous nature, would constitute professional misconduct. [Reporter.]

The secretary of the state board of law examiners filed a petition praying that Joseph Van Buren De La Motte be removed from his

[1] Reported in 142 N. W. 929.　　　　　[2] April, 1913, term calendar.

office as attorney at law, specifying the charges upon which the petition was founded. The accused served his answer to the accusation. Suspended from practice for one year.

*W. N. Southworth,* for complainant.

*Marion Douglas* and *Harold Harris,* for defendant.

PER CURIAM.

The petition for the disbarment of respondent sets out five charges. The first is a conviction for a misdemeanor involving moral turpitude; the other four relate to wilful misconduct in his profession.

Eight years ago respondent was convicted of a misdemeanor and paid a fine of $50. This became a matter of record and was well known in the community where respondent then and ever since has resided and practised law. We feel that at this late day the conviction ought not to be made the basis for either disbarment or discipline.

A careful consideration of the record leaves the mind in doubt as to the sufficiency of the proof to establish any of the charges of deceit or wilful misconduct in his profession made against respondent, except the one contained in the second charge in the petition relative to the withdrawal of a motion for a new trial made at the request and in the behalf of his client, Paul Golik. Golik had been persuaded to employ respondent as his attorney to recover damages for serious personal injuries sustained through the negligence of Golik's employer. The contract of employment obtained from Golik provided that respondent should receive as fees one-half of the recovery and that Golik should pay all the costs and expenses of the suit. The trial resulted in a verdict of $1,100 in favor of Golik. This amount was considered grossly inadequate by both respondent and his client, and it was agreed that a motion for a new trial should be made. It was made. But thereafter respondent, without the knowledge or consent of his client, withdrew the motion. The excuse now given by respondent for such action is that Golik, restive under the law's delay and dissatisfied with the result of respondent's services, threatened to employ another attorney, whereby respondent conceived that his interest in the verdict might be impaired; and he also claims

that after the motion was made he ascertained that Golik had been shamming as to part of the injuries, so that the verdict was not as inadequate as it at first appeared to respondent. The lawsuit was of great importance to Golik. His interests respondent engaged to serve and protect. An attorney, who undertakes to carry on a lawsuit for a share of the amount to be recovered, has no more right to dispose of the suit without the client's consent, than if he were employed for a fixed fee regardless of the result of the litigation. The cause of action belongs to the client and he alone has the right of disposition thereof. We find that respondent in withdrawing the motion for a new trial without the knowledge or authority of his client, as alleged in the second charge of the petition herein, committed an act of wilful misconduct in his profession.

Although upon the record, as here presented, we have given the respondent the benefit of the doubt as to the other charges of misconduct, we may remark that the evidence is quite persuasive that respondent has been in the habit of securing written contracts for his services as attorney, under the terms of which the client agreed to pay the costs and expenses of suit, but that the real understanding and agreement was that respondent should pay either the whole or a share thereof. In other words, that the contracts were purposely drawn contrary to the actual agreement, in order to hide their champertous nature. That such a course of dealing, if clearly proven, would constitute professional misconduct ought not to admit of a doubt.

We also take occasion to say that proceedings of this kind are of sufficient importance to call for greater care in presentation of the testimony than is here evidenced. The record is filled with statements made by respondent, apparently not on oath, tending to negative the charges. Furthermore, the testimony and proceedings in other actions, wherein the charges here made were not directly in issue, are herein introduced in extenso as the main proof thereof. This results in a diffusive and unsatisfactory record.

The judgment of the court is that respondent, Joseph Van Buren De La Motte, for the wilful misconduct above stated, be suspended from practising as an attorney or counsellor at law in any of the

courts of this state for a period of one year. Let judgment be entered accordingly.